**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BALJIT KUMAR; JYOTI SHARMA, | No. 12-72289 |
| Petitioners, | Agency Nos.   A089-697-731 |
| v. | A089-697-732 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2014[**]

Before:      LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Baljit Kumar and Jyoti Sharma, natives and citizens of India, petition for

review of the Board of Immigration Appeals' ("BIA") order dismissing their

appeal from an immigration judge's ("IJ") decision denying their application for

asylum and withholding of removal.  We have jurisdiction under 8 U.S.C. § 1252.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

We review for substantial evidence factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the agency's determination that, even if petitioners established past persecution by Punjab police, their presumption of a well-founded fear of future persecution was rebutted by evidence that they could safely and reasonably relocate elsewhere in India. *See* 8 C.F.R. § 1208.13(b)(1)(i)(B); *Melkonian v. Ashcroft*, 320 F.3d 1061, 1069 (9th Cir. 2003) (presumption of a well-founded fear can be rebutted by showing that under all the circumstances the applicant could reasonably be expected to relocate); *see also Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 999-1000 (9th Cir. 2003) (noting that agency has expertise to construe country reports). We reject petitioners' contentions that the BIA improperly placed the burden on petitioners to establish well-founded fear, and that the IJ's analysis of the reasonableness of relocation was based on speculation. Accordingly, petitioners' asylum claim fails.

Because petitioners failed to establish eligibility for asylum, they necessarily cannot meet the more stringent standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

**PETITION FOR REVIEW DENIED.**

12-72289